IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GANDHI B. MORKA,

   Petitioner,

vs.                No. 3:10-CV-0499-M-BK

UNITED STATES OF AMERICA,

   Respondent.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING A CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made Findings, Conclusions and a Recommendation ("FCR") in this case. Petitioner filed objections on September 20, 2010, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made[1]. The objections are overruled, and the Court ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the Petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that

---

[1] The Court notes that the Magistrate Judge made reference to a sealed portion of the transcript relating to witness Dai Nguyen (FCR at 18). During the sealed proceedings, the Court discussed with Petitioner and his counsel alleged misconduct of Dai Nguyen that could impact Mr. Nguyen's supervised release status, but which was wholly unrelated to Petitioner. The Court specifically inquired, after disclosing the information to Petitioner and his counsel, whether they wished to take any further steps with respect to recalling Mr. Nguyen. After conferring with Petitioner in the presence of the Court, his counsel declined further action.

reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2]

In the event the Petitioner files a notice of appeal, the court notes that

( X )  the Petitioner will proceed *in forma pauperis* on appeal.

(   )  the Petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED on this 12th day of January, 2011.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
   **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
   **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.